UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| USA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:25-cv-00024-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| $247,756.21 IN US CURRENCY, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |
| $124,409.70 In US Currency | ) | |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff United States' Motion to Strike Claims and Answers submitted by Bullion Trading LLC ("Bullion Trading") and Kahan Trading, LLC ("Kahan Trading"), the Claimants in the action. [R. 11.] First, the United States argues that the Claims and Answers submitted by the Claimants circumvented this Court's Standing Order dated November 9, 2009, for failing to comply with Federal Rule of Civil Procedure 7.1. *Id.* Second, the United States also asks this Court to strike the Claims and Answers submitted by Bullion Trading and Kahan Trading because they are attempting to proceed without counsel. *Id.*

A court may strike material under Federal Rule of Civil Procedure 12(f). "Under Rule 12(f), a court may strike from a pleading 'any redundant, immaterial, impertinent, or scandalous matter." *Schirmer v. Powell Cnty. Det. Ctr.*, 685 F. Supp. 3d 459, 465 (E.D. Ky. 2023). "A 'motion to strike should be granted only when the pleading to be [stricken] has no possible relation to the controversy.'" *Clark v. Roccanova*, 772 F. Supp. 2d 844, 850 (E.D. Ky. 2011) (quoting *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)).

"Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G&W Construction Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822).

The United States does not bring forth this motion to strike "redundant, immaterial, impertinent, or scandalous matter" from the answers. Instead, the United States argues that the answers are deficient due to procedural issues. Federal Rule of Civil Procedure 7.1 requires "nongovernmental corporate [parties]" to "file a statement that identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or states that there is no such corporation." Fed. R. Civ. P. 7.1(a)(1). General Order No. 09-14 directs the Clerk of the Court to "send a Notice of Deficiency allowing counsel fourteen (14) days to cure the deficiency when a Rule 7.1 disclosure statement is absent upon the filing of an initial pleading by a non-governmental corporate party." IN RE: Rule 7.1 Corporate Disclosure Statement, General Order No. 09-14 (Nov. 6, 2009). The Order directs the Clerk to "submit the case to the presiding judge for consideration of taking action to STRIKE the initial pleading from the record when the deficiency has not been cured at the expiration of fourteen (14) days." *Id.*

The Clerk entered the Notice of Deficiency on March 13, 2025. [R. 7.] Kahan Trading and Bullion Trading did not file the FRCP 7.1 Disclosure Statements until September 19, 2025, which is significantly later than the fourteen-day cure period prescribed by General Order No. 09-14. [R. 15] and [R. 16.] However, the Court recognizes that Bullion Trading and Kahan Trading did not have legal representation in this matter until the appearance of Steven Y. Yurowitz by Pro Hac Vice Motion granted by this Court on September 15, 2025. [R. 14.] The entry of both Claimants' Corporate Disclosure Statements after the appearance of Defense

2

Counsel suggests that Kahan Trading and Bullion Trading intend to comply with the orders and rulings of this Court.

The United States' second point argues that "this Court should strike their Claims and Answers because they are attempting to proceed without counsel." [R. 11.] It is well-settled that a corporate entity, such as a limited liability company, "may only appear in court through a licensed attorney and may not be represented by a member proceeding pro se." *Miniard v. LFUCG Division Code Enforcement*, No. 5:23-CV-050-REW, 2023 WL 2587474, at *6 (E.D. Ky. Mar. 21, 2023) (internal citation omitted); *see also Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) ("We have long recognized, under 28 U.S.C. § 1654, that plaintiffs in federal court may not appear pro se where interests other than their own are at stake."). The purpose of this rule is straightforward. "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015).

In *Olagues*, the Sixth Circuit addressed a shareholder's pro se derivative action against a corporate officer. 908 F.3d at 200-01. The district court dismissed the action on the grounds that Olagues, as a pro se litigant, could not represent the interests of the company at issue in the derivative suit. *Id.* at 202. On review, the Sixth Circuit affirmed the district court's judgment that Olagues could not proceed pro se, but remanded the case to the district court to give Olagues the opportunity to retain counsel and refile. *Id.* at 205.

Yitzchok Kahan — the owner of Bullion Trading and Kahan Trading — filed Answers and subsequent Amended Answers on behalf of the two entities. [R. 5, 6, 8, and 9.] The United States correctly notes in its motion to strike that this was improper. [R. 11.] However, Bullion Trading and Kahan Trading retained counsel less than a month after the United States filed their

3

motion.  [R. 14.]  As with the FRCP 7.1 filings, the appearance of counsel in this case indicates to the Court that Bullion Trading and Kahan Trading intend to litigate this action within the well-established rules of the federal judiciary.

This circuit looks with disfavor upon granting motions to strike. However, the government's point is well-taken that the Answers and Amended Answers filed by Mr. Kahan are not sufficient in accordance with voluminous case law requiring a corporate party to proceed in federal court only through counsel.  With an eye toward the Sixth Circuit's holding in *Olagues*, this Court finds that it is in the best interest of the parties to continue this litigation with the recognition that both corporate entities have since filed their FRCP 7.1 disclosures and retained counsel.  However, this Court expects counsel for Bullion Trading and Kahan Trading to submit amended answers.  The Court will grant the United States' motion to the extent that this order removes the Amended Answers filed pro se [R. 8, 9] from the docket and permits Counsel to file a responsive pleading to the United States' Complaint, [R. 1.]

Accordingly, and the Court being duly and sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Strike **[R. 11]** is **GRANTED** without prejudice;

2. Counsel for Claimants Bullion Trading LLC and Kahan Trading LLC is **ORDERED** to file a responsive pleading within **10 days** of the entry of this order.

This the 6th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge